UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                -against-

LEO HERNANDEZ,

                     Defendant.

---

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __7/2/2026____ |

24 Cr. 170 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Defendant's request, filed *pro se*, for early termination of probation dated January 27, 2026, and the parties' subsequent submissions, both dated February 6. *See* ECF Nos. 39, 43–44. The Court has also reviewed Defendant's subsequent request dated April 7, 2026, and also filed *pro se*, requesting a modification of his conditions of probation. *See* ECF No. 46. Last, the Court has reviewed Defendants' numerous recent submissions reiterating his request for an early termination of probation. *See* ECF Nos. 51–53.

The Court will first discuss Defendant's request for early termination of probation. Defendant titles his motion as a motion under 18 U.S.C. § 3583(e)(1) for early termination of supervised release, but he is serving a sentence of a two-year term of probation, and the Court therefore construes his motion as requesting a termination of probation under 18 U.S.C. § 3564(c). *See* ECF No. 43 at 1 n.1; Motion, ECF No. 39; Judgment, ECF No. 38. The Government and Probation oppose Defendant's request. *See* ECF No. 43 at 1, 9.

After considering the factors in 18 U.S.C. § 3553(a), in the case of a felony conviction, a court "may . . . terminate a term of probation . . . at any time after the expiration of one year of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). This standard is essentially the same as the standard set out for early terminations of supervised release in 18 U.S.C. § 3583(e)(1). In explaining that standard, the Second Circuit has stated that "new or unforeseen circumstances . . . —for instance, exceptionally good behavior by the defendant" may "[o]ccasionally" warrant the early termination of supervised release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). But good behavior, standing alone, is not a sufficient reason to terminate probation. *See United States v. Pena*, No. 08 Cr. 578, 2022 WL 2733871, at *1 (S.D.N.Y. June 27, 2022). Instead, a defendant must typically demonstrate "extraordinary conduct or unforeseen harsh circumstances that warrant early termination." *United States v. Hines*, No. 15 Cr. 98, 2019 WL 4221491, at *1 (S.D.N.Y. Sept. 5, 2019). Here, although Defendant has complied with the terms of his supervision, in consideration of the § 3553(a) factors, the Court does not find that he has demonstrated exceptional conduct or unforeseen circumstances such that the Court should terminate his term of probation early.

Defendant's additional requests, submitted on June 15 and 23, 2026, *see* ECF Nos. 51, 52, 53, reiterate that he has "complied with all reporting requirements," ECF No. 51, and argue that Defendant's mother is "currently facing serious cardiac health issues," *id.* This additional

information does not indicate that a termination of probation is warranted in the interests of justice.  Defendant does not explain how his conditions of probation prevent him from supporting his mother, nor does he state that his probation officer has unreasonably restricted his travel.  Therefore, Defendant 's additional requests have not shown that a termination of probation is necessary.  *See* ECF No. 53.

Defendant's April 7 request, however, originally sought to modify the conditions of his probation under 18 U.S.C. § 3563(c).  That statutory provision provides that a court may "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation."  *Id.*[1]  The Government and Probation opposed the request, noting one instance of prior noncompliance with the terms of probation.  *See* ECF No. 47 at 9, 12.  Defendant later clarified, via letter submitted on April 20, 2026, that he was merely seeking "clarification from the Court" concerning his probation conditions, given discrepant information he had received between his current and prior probation officers.  *See* ECF No. 48.  Defendant asked the Court to determine "[w]hether I am required to obtain prior approval from the Court for international travel, or whether approval from Probation alone is sufficient," and "[t]he amount of advance notice required for both international and domestic travel."  *Id.*; *see also* ECF No. 50 at 1 (seeking "clarification of procedures for international travel while on probation").

The Court does not find that the Government's concerns, *see* ECF No. 48, are particularly serious—the Government only cites one instance of noncompliance with the terms of Defendant's probation, *see id.*, and Defendant credibly explains that the noncompliance arose from unexpected "standby limitations" as to his return flight, *see* ECF No. 45.

Accordingly, the conditions of Defendant's probation are MODIFIED as follows.  Defendant must provide 30 days' notice to Probation of any scheduled international travel.  Defendant must provide 14 days' notice to Probation of any scheduled domestic travel.  If the required notice is provided to Probation and Probation approves of the scheduled travel, then Defendant may travel without further approval of the Court.  If Defendant provides less than the required notice to Probation of such travel, approval from the Court is required.

---

[1] Rule 32.1 of the Federal Rules of Criminal Procedure provides that the Court must hold a hearing in certain circumstances before modifying the terms of probation.  A hearing is not required here because the relief Defendant seeks "is favorable to [him] and does not extend the term of probation."  *See* Fed. R. Crim. P. 32.1(c)(2)(B); *see also* Gov. Mod. Resp., ECF No. 48 (including no request for a hearing).

Accordingly, Defendant's motions at ECF Nos. 39 and 51 are DENIED. Defendant's motion at ECF No. 46 is GRANTED IN PART. The Clerk of Court is directed to terminate the motions at ECF Nos. 39 and 46 and mail a copy of this order to Defendant *pro se* at the following address:

Leo Hernandez
123 Androvette Street
Staten Island, NY 10309

SO ORDERED.

Dated: July 2, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

3